# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTERO RESOURCES CORPORATION**
**and ANTERO MIDSTREAM LLC,**

    **Plaintiffs,**

v.

**BRADDOCK CONSTRUCTION, LLC,**
**DAVID WEIMER, KRISTEN WEIMER,**
**and JOHN DOE CORPORATIONS 1-10,**

    **Defendants.**

ELECTRONICALLY FILED
Jul 31 2020
U.S. DISTRICT COURT
Northern District of WV

CIVIL ACTION NO. 1:20-cv-147

JUDGE Thomas S. Kleeh

## COMPLAINT

NOW COMES Antero Resources Corporation and Antero Midstream LLC (hereinafter sometimes together "Antero"), by and through its undersigned counsel, Christopher A. Brumley, Jordan V. Palmer and Flaherty Sensabaugh Bonasso PLLC, and for its Complaint against Braddock Construction, LLC, David Weimer, Kristen Weimer, and John Doe Corporations 1-10, states as follows:

### Parties and Relief Sought

1. Plaintiff Antero Resources Corporation is a Delaware corporation with its principal place of business in Colorado, which is authorized to do business in West Virginia, and is in the business of oil and gas exploration and operating in West Virginia.

2. The sole member of Plaintiff Antero Midstream LLC is Antero Midstream Partners LP, which, in turn, has as its partners Antero Midstream NewCo Inc., Antero IDR Holdings LLC, and Antero Midstream Partners GP LLC.

3. Antero Midstream NewCo Inc., is a Delaware corporation with its principal place of business in Colorado.

4. Antero IDR Holdings LLC has ownership interests held by Antero Midstream Corporation (a Delaware corporation with its principal place of business in Colorado) and Antero Midstream NewCo Inc. (a Delaware corporation with its principal place of business in Colorado).

5. Antero Midstream Partners GP LLC, is 100% owned by Antero Resources Corporation (a Delaware corporation with its principal place of business in Colorado).

6. For the purposes of diversity jurisdiction, therefore, Antero Midstream LLC is a citizen of Colorado and Delaware.

7. Defendant Braddock Construction, LLC ("Braddock") is a business organized under the laws of Maryland and has its principal place of business in Frostburg, Maryland.

8. Upon information and belief, Defendant Kristen Weimer is either the sole member of Braddock Construction, LLC, or she is one of only two members of Braddock Construction, LLC along with her husband, Defendant David Weimer.

9. Kristen and David Weimer's state of residence is Maryland.

10. For the purposes of diversity jurisdiction, therefore, Braddock Construction, LLC is a citizen of Maryland.

11. Defendants John Doe Corporations 1-10 are all entities with an ownership interests held by David Weimer, Kristen Weimer, or their family members, and all of which are either incorporated in Maryland or West Virginia, have a principal place of business in Maryland or West Virginia, or, if a partnership, have "citizenship" for the purposes of diversity of their owners, who are citizens of Maryland or West Virginia. They are sometimes referred to herein as the "John Doe Corporations."

12. Antero affirmatively pleads that it is seeking relief well in excess of $75,000.

## Jurisdiction and Venue

13. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because, for the purposes of diversity jurisdiction, (i) Antero Resources Corporation and Antero Midstream LLC have citizenship in Delaware and Colorado and (ii) the Defendants are all citizens of either Maryland or West Virginia.

14. Jurisdiction over the parties and venue is appropriate in this District because a substantial part of the events, acts, or omissions giving rise to the claim occurred here. For example, at all relevant times: (1) portions of the negotiations for Braddock to work for Antero took place in this District; (2) much of the work performed by Braddock for Antero was performed in this District; (3) the July 19, 2018 vehicular accident which ultimately gave rise to this Complaint took place in this District; and (4) Braddock's "yard" (facility) through which it performed work for Antero was located in this District.

## Factual Background:
## The Scope of Work and Master Services Agreement

15. From approximately June through September 2017, Antero and Braddock negotiated for Braddock to become a contractor of Antero, primarily for the purpose of hauling produced water from oil and gas well operations in West Virginia and Ohio.

16. Braddock entered a Master Services Agreement ("MSA") with Antero Midstream LLC, with an effective date of September 1, 2017, and which was executed by Braddock's Managing Member and president, Kristen Weimer.

17. A true and accurate copy of the MSA is attached to this Complaint and incorporated by reference as Exhibit A.

18. The MSA included provisions which required Braddock to release, protect, defend, indemnify, and hold harmless Antero in specific circumstances.

19. The MSA defines certain terms as follows (and any term not otherwise defined in this Complaint shall have the meaning assigned in the MSA):

> 1.2. "Applicable Law" means any and all laws, rules, regulations, ordinances, judgements, orders, standards, and/or other official acts of any Governmental Authorities (as defined in Subsection 1.12), that are now or may, in the future, become applicable to Contractor, this Agreement, or the Work.
>
> 1.3. "Claim" means any loss, cost, liability, damage, claim, security interest, lien, or expense of any kind or character whether constitutional, statutory, contractual, tortious, or equitable (including without limitation fines, penalties, judgment amounts, settlement amounts, remedial obligations, court costs and expenses, and reasonable attorneys' fees – including attorneys' fees incurred in the enforcement of any indemnity, release, protection, defense, or hold harmless obligation contained in this Agreement).
>
> 1.4. "Company Group" means Company, its Affiliates, its and their joint venturers, joint interest owners, partners, co-owners, co-lessees, contractors and subcontractors of every type and tier, and the respective directors, officers, agents, representatives, and employees of all of the foregoing, as well as any person, party, or entity brought to Site by Company. As it relates to Company, the term "Party Group" means "Company Group."
>
> 1.7. "Contractor Group" means Contractor, its Affiliates, its and their joint venturers, joint interest owners, partners, co-owners, co-lessees, contractors and subcontractors of every type and tier, and the respective directors, officers, agents, representatives, and employees of all of the foregoing, as well as any person, party, or entity brought to the Site by any of the foregoing. As it relates to Contractor, the term "Party Group" means "Contractor Group."
>
> 1.11. "Governing Regulation" means any and all safety codes, precautions, and procedures applicable to Contractor, this Agreement, and/or the Work, whether suggested or required by trade or safety associations, federal, state, local, or municipal governments, authorities, or agencies.
>
> 1.12. "Governmental Authority" means any and all federal, state, local, municipal, foreign, and other agencies or regulator bodies having jurisdiction over Contractor, this Agreement, and/or the Work.

20. Because the definition of "Company Group" in Subsection 1.4 includes Company (Antero Midstream LLC) and its affiliates (Antero Resources Corporation), both Antero Plaintiffs are covered by the provisions of this MSA and the term "Company Group."

21. The MSA also describes the indemnity or "hold harmless" obligations of Braddock using the above terms as follows:

> 13.1. **INDEMNITY OBLIGATIONS.** EXCEPT AS EXPRESSLY PROVIDED IN THIS AGREEMENT, ALL RELEASE, PROTECTION, DEFENSE, INDEMNITY, AND HOLD HARMLESS OBLIGATIONS AND/OR LIABILITIES ASSUMED BY EITHER PARTY UNDER THIS AGREEMENT, WHETHER ARISING OUT OF OR RELATED TO THE INGRESS, EGRESS, LOADING, OR UNLOADING OF PERSONNEL OR CARGO, ANY PRESENCE ON ANY PREMISES (WHETHER LAND, BUILDING, VEHICLE, PLATFORM, AIRCRAFT, VESSEL OR OTHERWISE) OWNED, OPERATED, CHARTERED, LEASED, USED, CONTROLLED OR HIRED BY ANY MEMBER OF COMPANY GROUP OR CONTRACTOR GROUP, <u>SHALL BE REGARDLESS OF CAUSE EVEN IF CAUSED BY PRE-EXITING CONDITIONS, DEFECT, OR RUIN OF PREMISES OR EQUIPMENT, UNSEAWORTHINESS, UNAIRWORTHINESS, STRICT LIABILITY, REGULATORY OR STATUTORY LIABILITY, PRODUCTS LIABILITY, BREACH OF REPRESENTATION OR WARRANTY (EXPRESS OR IMPLIED), BREACH OF DUTY (LEGAL, STATUTORY, CONTRACTUAL, EQUITABLE, OR OTHERWISE), ANY THEORY OF TORT, BREACH OF CONTRACT, FAULT, THE NEGLIGENCE OF ANY DEGREE OR CHARACTER (WHETHER SOLE, JOINT, OR CONCURRENT; ACTIVE, OR PASSIVE) OF ANY PARTY OR PARTIES, INCLUDING THE INDEMNIFIED PARTY AND/OR ITS PARTY GROUP</u>.
>
> 13.11. **Indemnity for Failure to Comply with Laws.** Notwithstanding anything contained in this Agreement (including without limitation this Article 13) to the contrary, Contractor shall release, protect, defend, indemnify and hold harmless Company Group from and against any and all Claims (including without limitation any Consequential Damages) that arise out of or result from Contractor's failure to comply with Applicable Laws, Governing Regulations, and/or Article 11 of this Agreement.
>
> 14.6  The limits and coverages of any insurance obtained by either Party shall in no way limit the other liabilities or obligations assumed by such Party pursuant to this Agreement.

22. The MSA also provides that if a "Claim" is unallocated, it is borne by each party in proportion to its fault:

> 13.13 **Unallocated Claims.** Any Claim not otherwise allocated under this Agreement shall, as between the Parties, be borne by each Party in proportion to its breach of contract, negligence, and/or fault (if any) in causing the Claim.

23. From approximately October 2017 through July 2018, Braddock hauled produced water for Antero in West Virginia on almost a daily basis under the MSA.

### Factual Background:
### The Accident and Underlying Lawsuit

24. On July 19, 2018, Dexter Skidmore, a Braddock employee, was operating a commercial water truck owned by Braddock on the eastbound lanes of U.S. Route 50 near Clarksburg, West Virginia. At the intersection of U.S. Route 50 and WV Route 98 approaching Clarksburg, Skidmore negligently crashed into a vehicle driven by Michael R. Moore that was stopped, or nearly stopped, at a red light. Braylie M. Moore was a passenger in Mr. Moore's stopped vehicle. Michael and Braylie Moore were immediately killed as a result of this crash.

25. Skidmore had hauled produced water that day for Braddock as part of its work for Antero and was returning to the Braddock "yard" at the time of the accident.

26. Skidmore was operating in the scope of his employment as a Braddock employee at the time of the crash.

27. Heather Moore was appointed the Administrator of the Estates of her husband Michael R. Moore and daughter Braylie M. Moore.

28. On August 13, 2018, Heather Moore filed a lawsuit in the Circuit Court of Wetzel County, West Virginia against Braddock, Skidmore, and Antero Resources Corporation (Civil Action Number 18-C-58) (the "Underlying Litigation").

29. The Complaint in the Underlying Litigation alleged various acts of negligence against Braddock, Skidmore, and Antero Resources Corporation, including without limitation:

   a. Negligence against Skidmore for the operation of the vehicle on the date of the incident;

   b. Vicarious liability against Braddock for the actions of Skidmore;

    c.  Negligence against Braddock for failure to supervise its drivers and ensure they were following all company policies, procedures, and guidelines; West Virginia traffic laws; and the Federal Motor Carrier Safety Regulations; and

    d.  Negligent and reckless retention of Braddock against Antero.

30.    On May 10, 2019, during the pendency of the Underlying Litigation, Heather Moore filed an Amended Complaint raising an additional allegation of vicarious liability against Antero Resources Corporation for the actions of Braddock and adding Antero Midstream LLC as a defendant, alleging the same claims against both Antero entities.

31.    On September 12, 2018, Antero Resources Corporation, through its insurance carrier, informed Ms. Weimer, as member and president of Braddock, of Braddock's obligations to defend and indemnify Antero. Though Braddock's insurance carrier tendered a defense of Underlying Litigation to Antero, Braddock never responded to this letter.

32.    A true and accurate copy of the September 12, 2018 letter referenced in Paragraph 31 of this Complaint is attached hereto as Exhibit B.

33.    On August 8, 2019, just prior to the mediation in the Underlying Litigation, Antero reiterated to Braddock its MSA obligations to defend and indemnify Antero, even if those obligations required Braddock to pay amounts in excess of Braddock's applicable insurance limits. Braddock did not respond to this letter.

34.    A true and accurate copy of the August 8, 2019 letter referenced in Paragraph 33 of this Complaint is attached hereto as Exhibit C.

35.    On December 17, 2019, Antero again requested that Braddock meet its legal obligations to defend and indemnify Antero in response to a recent demand by the Plaintiff in the Underlying Litigation.

36. A true and accurate copy of the December 17, 2019 letter referenced in Paragraph 35 of this Complaint is attached hereto as Exhibit D.

37. On December 30, 2019, without any explanation, counsel for Braddock responded to the December 17, 2019 letter, writing, in part, "Braddock has denied the right of indemnification based upon the allegations of the litigation."

38. Throughout the Underlying Litigation, Antero provided Braddock with ample notice of the claims brought against Antero, an opportunity to defend the Claims against Antero, and the opportunity to participate in the settlement discussions. Braddock rejected the opportunity to meaningfully participate in settlement and made no effort to meet its indemnity obligations to Antero for the Claims in the Underlying Litigation.

39. As Braddock had refused to meet its contractual obligations to indemnify Antero, Antero ultimately executed a fair and reasonable settlement with Heather Moore to resolve the Underlying Litigation against Antero, which was necessary to avoid exposing Antero to a potentially much larger judgment. As a result of Braddock's failure to indemnify Antero, Antero also suffered increased insurance premiums.

## COUNT I
### Express Indemnity

40. Antero reasserts and incorporates by reference its allegations in Paragraphs 1 through 39 of this Complaint as if restated verbatim herein.

41. In the MSA, Antero Midstream LLC, is defined as the "Company."

42. In the MSA, Braddock's defense and indemnity and "hold harmless" obligations extend to the "Company Group" which is defined as "Company, its Affiliates, its and their joint venturers…."

43. As Antero Resources Corporation is an Affiliate of Antero Midstream LLC, both Antero entities are entitled to defense and indemnity from Braddock under the MSA for the claims brought against them in the Underlying Litigation.

44. Pursuant to the MSA, Braddock agreed, among other things, to release, protect, defend, indemnify and hold harmless Antero from and against any and all Claims that arise out of or result from Contractor's failure to comply with Applicable Laws, Governing Regulations, and/or Article 11 of the MSA.

45. Braddock, individually, and through its agents, owners, or employees, violated Applicable Laws and Government Regulations as described in the MSA.

46. These violations of Applicable Laws and Government Regulations led to Claims being asserted against Antero in the Underlying Litigation.

47. Antero is therefore entitled to indemnity from Braddock for any and all damages resulting from the Underlying Litigation (including Antero's settlement payment) and all unpaid defense costs (including attorney's fees) and expenses incurred defending the Underlying Litigation.

48. Because the MSA's definition of Claim includes "attorneys' fees incurred in the enforcement of any indemnity, release, protection, defense, or hold harmless obligation contained in" the MSA, Antero is also entitled to an award of its reasonable attorneys' fees incurred in connection with this lawsuit.

## COUNT II
### Breach of Contract

49. Antero reasserts and incorporates by reference its allegations in Paragraphs 1 through 48 of this Complaint as if restated verbatim herein.

50. The MSA required Braddock to defend and indemnify Antero in the Underlying Litigation.

51. Braddock failed to indemnify Antero or pay all of Antero's defense costs (including attorneys' fees) in the Underlying Litigation.

52. Braddock failed to require its insurance carrier to provide the indemnification of Antero or pay all of Antero's defense costs (including attorneys' fees) in the Underlying Litigation.

53. Braddock did not fulfill its obligations under the MSA to defend and indemnify Antero in the Underlying Litigation.

54. Braddock's failure to indemnify Antero for Claims in the Underlying Litigation (including Antero's settlement payment) and pay all of Antero's defense costs deprived Antero of the benefit of the defense and indemnification that Braddock promised to provide under the MSA.

55. In the alternative, under Section 13.13 of the MSA, Braddock must reimburse Antero for Claims arising out of the Underlying Litigation to the extent those Claims are caused by Braddock's "breach of contract, negligence, and/or fault."

56. Braddock breached the MSA, was negligent and/or was at fault in causing the accident in the non-exclusive ways set forth in this Complaint and to be proven at trial.

57. Antero did not breach the MSA and does not bear any negligence and/or fault in connection the Underlying Litigation.

## COUNT III
### Declaratory Judgment

58. Antero reasserts and incorporates by reference its allegations in Paragraphs 1 through 57 of this Complaint as if restated verbatim herein.

59. Antero requests that pursuant to 28 U.S.C. § 2201 this Court declare the respective rights and duties of the parties in this matter and, in particular, the Court declare the following:

    a. The MSA requires Braddock to defend and indemnify Antero and hold it harmless for all Claims (as that term is defined in the MSA) referenced in or incurred in connection with the Underlying Litigation;

    b. Pursuant to the MSA, Braddock's defense and indemnity obligations to Antero are regardless of cause;

    c. Pursuant to the MSA, Braddock owes Antero defense and indemnity for (1) the full amount of the fair and reasonable settlement it entered into with Heather Moore to resolve the Underlying Litigation against Antero, (2) the unpaid attorney's fees and expenses incurred by Antero in defense of the Underlying Litigation, and (3) its reasonable attorneys' fees incurred in the in the enforcement of its right to defense and indemnity under the MSA.

    d. In the alternative, that (1) under Section 13.13 of the MSA, Braddock must reimburse Antero for Claims arising out of the Underlying Litigation to the extent those Claims are caused by Braddock's "breach of contract, negligence, and/or fault," (2) Braddock breached the MSA, was negligent and/or was at fault in causing the accident in the non-exclusive ways set forth in this Complaint and to be proven at trial, and (3) Antero did not breach the MSA and does not bear any negligence and/or fault for the Claims made in the Underlying Litigation.

## COUNT IV
### Additional Theory of Recovery: Piercing the Corporate Veil/Alter Ego

60. Antero reasserts and incorporates by reference its allegations in Paragraphs 1 through 59 of this Complaint as if restated verbatim herein.

61. To the extent that Braddock continues to refuse to indemnify Antero for Claims made in the Underlying Litigation, reimburse Antero for all of Antero's defense costs, or has

insufficient assets to satisfy any judgment rendered against it, David Weimer, Kristen Weimer, and other entities owned by them are liable.

62. During the Underlying Litigation, Braddock represented that it had insufficient funds to contribute to the settlement of the Underlying Litigation.

63. During the Underlying Litigation, Braddock did not respond to Antero's requests for evidence to support Braddock's contention that Braddock was insufficiently capitalized to indemnify Antero or otherwise contribute to the settlement of the Claims against Antero in the Underlying Litigation.

64. David and Kristen Weimer are married and were married at all times relevant to this lawsuit and the Underlying Litigation.

65. Kristen Weimer, on information and belief, is a member of Braddock.

66. David Weimer, on information and belief, is the project manager and Vice Managing Member at Braddock.

67. Braddock is based at 61 National Highway, LaVale, Maryland.

68. David and/or Kristen Weimer own other entities (John Doe Corporations), some or all of which are also based at 61 National Highway, LaVale, Maryland.

69. David and Kristen Weimer, individually, or by and through John Doe Corporations have identical equitable ownership in two or more John Doe Corporations that have directors and officers responsible for management of two or more of these John Doe Corporations; Dave and/or Kristen Weimer hold or held ownership over the membership rights of the John Doe Corporations.

70. Braddock and the John Doe Corporations used the same offices and business locations, simultaneously employed some of the same employees, and have entered into business relationships with one another.

71. The (1) comingling of funds, assets, costs, and employees and (2) the closely held nature of these John Doe Corporations, all at the direction of David and Kristen Weimer, disregarded corporate formalities to such an extent that equity demands the corporate veil be pierced. This includes potentially multiple piercings to other individuals or entities perpetuating the disregarding of corporate formalities. David and/or Kristen Weimer, and/or their John Doe Corporations, and/or such other individuals or entities yet to be identified are therefore liable for the actions of Braddock as detailed in Counts I - III above.

WHEREFORE, as a result of Braddock's breach of contract and failure to meet its express defense and indemnity obligations, Antero has been damaged and seeks full indemnity for the payments made in settlement of the Claims against Antero in the Underlying Litigation (including for Antero's settlement payment), full reasonable and necessary attorney's fees and expenses incurred by Antero or on its behalf in defense of the Underlying Litigation, Antero's increased insurance premiums and other damages, Antero's reasonable attorneys' fees incurred in enforcing its right to defense and indemnity under the MSA, plus interest at the legal rate from the date the Underlying Litigation was filed until the date of reimbursement.

In the alternative, under Section 13.13 of the MSA, Braddock must reimburse Antero for Claims arising out of the Underlying Litigation because those Claims were caused by Braddock's "breach of contract, negligence, and/or fault" as set forth herein.

To the extent that Braddock continues to refuse to defend and indemnify Antero (or, in the alternative, to reimburse Antero for Claims arising out of the Underlying Litigation pursuant to Section 13.13 of the MSA), or has insufficient assets to satisfy any judgment rendered against it, Plaintiffs seek these same damages against David Weimer, Kristen Weimer, and/or the John Doe Corporations.

**These Plaintiffs demand trial by jury on all issues so triable.**

**ANTERO RESOURCES CORPORATION and ANTERO MIDSTREAM LLC,**

**BY COUNSEL**

/s/ Jordan v. Palmer, Esq.
Christopher A. Brumley, Esq. (WVSB #7697)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338-3843
Tel: (304) 345-0200
Fax: (304) 345-0260
cbrumley@flahertylegal.com

and

Jordan V. Palmer, Esq. (WVSB #12899)
FLAHERTY SENSABAUGH BONASSO PLLC
1225 Market Street
P.O. Box 6545
Wheeling, WV 26003
Tel: (304) 230-6600
Fax: (304) 230-6610
jpalmer@flahertylegal.com

**CONFIDENTIAL EXHIBITS A-D ARE BEING FILED UNDER SEAL PER ACCOMPANYING PLAINTIFFS ANTERO RESOURCES CORPORATION AND ANTERO MIDSTREAM LLC'S MOTION TO PLACE EXHIBITS UNDER SEAL**