**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**ANTERO RESOURCES CORPORATION and**
**ANTERO MIDSTREAM LLC,**

       **Plaintiffs,**

**v.**                                          **Civil Action No. 1:20-CV-147**
                                                           **(JUDGE KLEEH)**

**BRADDOCK CONSTRUCTION, LLC,**
**DAVID WEIMER, KRISTEN WEIMER,**
**and JOHN DOE CORPORATIONS 1-10,**

       **Defendants,**

**and**

**BRADDOCK CONSTRUCTION, LLC,**

       **Third-Party Plaintiff,**

**v.**

**SAFETY CONCERN INC., TIMOTHY**
**SIVIC, JAMES MEYERS and**
**DOTPROCESSAGENTS.COM, LLC,**

       **Third-Party Defendants.**

**<u>OMNIBUS REPORT AND RECOMMENDATION</u>**

Pending before the Court in the above-referenced matter is a Motion to Dismiss for Failure to State a Claim, [ECF No. 11], a Motion to Dismiss the Third-Party Complaint, [ECF No. 28], a Motion for Protective Order and Stay of Discovery [ECF No. 30], and a Motion to Join Third-Party Defendants' Motion to Dismiss the Third-Party Complaint in Lieu of Filing a Formal Answer, [ECF No. 32]. By Order, [ECF No. 40], dated November 15, 2021, United States District Judge Thomas S. Kleeh referred said motions to the undersigned Magistrate Judge for issuance of

a report and recommendation as to the appropriate disposition of the motions. For judicial economy, the undersigned will put forth herein proposed recommendations for all referred motions.

Upon consideration and for the reasons articulated herein, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss, [ECF No. 11], be **DENIED**, that the Third-Party Defendants' Motion to Dismiss the Third-Party Complaint, [ECF No. 28], be **DENIED**, that the Motion for Protective Order and Stay of Discovery, [ECF No. 30], be **DENIED AS MOOT**, and that Defendant DOTprocessagents.com, LLC's Motion to Join Third-Party Defendants' Motion to Dismiss the Third-Party Complaint in Lieu of Filing a Formal Answer, [ECF No. 32], be **GRANTED IN PART AND DENIED IN PART**.

## I.     FACTUAL BACKGROUND[1]

Antero Resources Corporation and Antero Midstream LLC ("Antero") are Delaware corporations, with their principal placed of business in Colorado, who are in business of oil and gas exploration, who are authorized to do business in West Virginia, and who operate in West Virginia. [ECF No. 1 at 1-2]. Braddock Construction, LLC ("Braddock") is a business organized under the laws of Maryland, with its principal place of business in Frostburg, Maryland. [ECF No. 1 at 2]. Kristen Weimer is either the sole member of Braddock or one of two members along with her husband David Weimer. [Id.]. Braddock contracted with Safety Concern, Inc. ("Safety Concern"), Timothy Sivic ("Sivic"), James Meyers, Jr. ("Meyers"), and DOTProcessagents.com, LLC ("DOTprocess") for the purposes of ensuring Braddock was in compliance with all applicable rules and regulations, including, but not limited to the Federal Motor Carrier Safety Regulations ("FMCSR"). [ECF No. 16 at 6-9]. Braddock relied upon Safety Concern, Sivic, Meyers, and

---

[1] The following facts, accepted as true in Plaintiffs' and Third-Party Plaintiff's favor, are all sourced from the Complaint, [ECF No. 1], and Third-Party Complaint, [ECF No. 16].

DOTprocess to file all needed documents for Braddock's commercial vehicle operations and compliance with Department of Transportation ("DOT") compliance. [Id.].

From June to September 2017, Antero and Braddock negotiated for Braddock to become an Antero contractor for the purposes of hauling produced water from oil and gas well operations in West Virginia and Ohio. [ECF No. 1 at 3-5]. Braddock and Antero entered into a Master Service Agreement ("MSA"), effective September 1, 2017, which was executed by Braddock's managing member Kristen Weimer. [Id.]. The MSA includes provisions which require Braddock to release, protect, defend, indemnify, and hold harmless Antero in specific circumstances, including claims arising from a contractor's failure to comply with applicable laws, governing regulations, and/or Article 11 of the MSA. [Id.].

From October 2017 to July 2018, Braddock hauled produced water for Antero in West Virginia on an almost daily basis. [ECF No. 1 at 6].

On July 19, 2018, Braddock employee Dexter Skidmore was operating a commercial water truck in the course and scope of his employment and negligently caused a motor vehicle accident resulting in the death of two individuals – Michael R. Moore and Braylie M. Moore. [Id.].

The administrator of the decedents' estates, Heather Moore, filed suit, Civil Action Number 18-C-58, ("the Underlying Litigation"), in the Circuit Court of Wetzel County, West Virginia, against Antero, Braddock, and Braddock's employee Dexter Skidmore, alleging various acts of negligence. [ECF No. 1 at 6]. Throughout the Underlying Litigation, Antero requested Braddock meet its legal obligations to defend and indemnify Antero. Braddock failed to do so. [ECF No. 1 at 7-8]. Antero ultimately executed a settlement with Heather Moore in order to resolve the Underlying Litigation. [ECF No. 1 at 8].

## II.   PROCEDURAL HISTORY

a. Complaint and Motion to Dismiss

On July 31, 2020, Plaintiffs Antero Resources Corporation and Antero Midstream LLC filed their Complaint in this Court bringing express indemnity and breach of contract claims and seeking declaratory judgment and to pierce the corporate veil. [ECF No. 1]. Antero Plaintiffs bring this claim before the Court pursuant to federal diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1 at 3]. Plaintiffs allege that Braddock failed to meet its contractual obligations under the MSA to indemnify Plaintiffs in the underlying litigation. [ECF No. 1 at 9].

Plaintiffs allege Braddock owes Antero Plaintiffs defense and indemnity for the cost of the settlement entered into in the underlying litigation, unpaid attorney's fees and expenses of the underlying litigation, and reasonable attorney's fees incurred in his action in enforcing the right to defense and indemnity under the MSA. [ECF No. 1 at 11]. Plaintiffs further allege that Braddock's liability and recovery may extend to David Weimer, Kristen Weimer and the other entities owned by them, John Doe Corporations 1-10, based upon the comingling of funds, assets, costs, and employees, and the closely held nature of the John Doe Corporations, which would allow for the piercing or multiple piercings of corporate veils. [ECF No. 1 at 11-13].

On December 4, 2020, Defendants David Weimer, Kristen Weimer, and John Doe Corporations 1-10 filed a Motion to Dismiss alleging that Maryland law should apply to Plaintiffs' attempt to pierce the corporate veil and arguing that Plaintiffs' Complaint fails to state a claim upon which relief may be granted under Maryland law for piercing the corporate veil. [ECF Nos. 11, 12]. Defendants argue, in the alternative, that even if West Virginia law applies, the Complaint still fails to state a claim upon which relief may be granted for piercing the corporate veil. [Id.].

On December 15, 2020, Plaintiffs filed their Response wherein they argue that discovery is needed to determine the extent to which Maryland law applies. [ECF No. 15 at 4]. Plaintiffs

further argue Maryland law allows piercing the corporate veil for equity, and, nonetheless, Plaintiffs have made sufficient claims to pierce the corporate veil under Maryland or West Virginia law. [Id. at 5-10]. In support of their arguments, Plaintiff included as exhibits deposition transcripts, [ECF No. 15-1 and 15-2], and a video on a CD-ROM, [ECF No. 15-3].

In their Reply, filed on December 23, 2020, Defendants assert that this Court should not consider the deposition and transcript attachments submitted by Plaintiffs in their Reply as they were not previously included with the submission of the Complaint. [ECF No. 17 at 1-2]. Defendants reiterate their arguments that Maryland law applies to the analysis for piercing the corporate veil, that Plaintiffs' Complaint fails to state a claim upon which relief may be granted for piercing the corporate veil under Maryland law, and that, even if West Virginia law applies, Plaintiffs' Complaint still fails to state a claim upon which relief may be granted for piercing the corporate veil.

    b. Third-Party Complaint and Motion to Dismiss Third-Party Complaint

On December 16, 2020, Defendant Braddock filed a Third-Party Complaint alleging that "[i]f the allegations in the Antero Complaint are true, which Braddock denies, then the Antero Plaintiffs' injuries/damages arose from the actions, inactions, negligence, professional negligence, and/or misrepresentations of Safety Concern, Timothy Sivic, James Meyers, and/or DOTProcess." [ECF No. 16 at 8-9].

On April 26, 2021, Third-Party Defendants Safety Concern, Sivic, and Meyers filed a Motion to Dismiss the Third-Party Complaint, [ECF No. 28], and Memorandum of Law in Support, [ECF No. 29], arguing that the negligence claims set forth therein are time-bared, the Third-Party Complaint violated Fed. R. Civ. P. 14(a)(1), and this Court should decline to exercise jurisdiction pursuant to the Colorado River doctrine.

First, Third-Party Defendants argue the third-party claims are time-barred because they were filed more than two years after Braddock knew or should have known of the alleged negligence. [ECF No. 29 at 8-10]. Second, Third-Party Defendants further argue that the Third-Party Complaint violates Rule 14(a)(1) because the negligence claims in Braddock's third-party complaint are not secondary or derivative of the Antero Plaintiff's original claims against Braddock. [Id. at 10-13]. Third and finally, Third-Party Defendants argue this Court should dismiss this third-party action, pursuant to the Colorado River doctrine because an identical third-party complaint is pending in parallel state proceeding in the Circuit Court of Wetzel County, West Virginia, Civil Action No. 18-C-58. [Id. at 13-21].

Braddock filed a Response in Opposition on May 10, 2021, [ECF No. 31], arguing that the Third-Party Complaint is not time-barred because the claims did not accrue until Antero filed their Complaint in this Court and Braddock was served with the same, the statute of limitations was tolled pursuant to W. Va. Code § 55-2-21, and the statute of limitations was tolled pursuant to the discovery rule. [ECF No. 31 at 6-9]. Braddock also argues in Response that the Third-Party Complaint is compliant with Rule 14(a)(1) as Braddock seeks reimbursement for all or part of what may be potentially owed to the Antero Plaintiffs, and further argues that the Colorado River doctrine is not applicable as the federal and state actions are not parallel proceedings and the doctrinal factors weigh against abstention. [ECF No. 31 at 9-20].

c.  Motion for Protective Order and to Stay Discovery

On April 29, 2021, Defendants David Weimer, Kristen Weimer, and John Doe Corporations 1-10 filed a Motion for Protective Order and Stay of Discovery, [ECF No. 30], wherein Defendants argue this Court should stay discovery as resolution of the pending Motion to

Dismiss could eliminate the need for discovery and such a stay would not harm the Plaintiffs. [ECF No. 30 at 4].

Plaintiffs filed a Response in Opposition to the Motion on May 11, 2021. [ECF No. 33]. In this Response, Plaintiffs argue that Defendants have cited no hardship motivating their motion and the prejudice to Plaintiffs would be substantial as a stay in discover would hinder Plaintiff's attempts to get information to support their allegations to pierce the corporate veil. [ECF No. 33 at 3].

Defendants filed their Reply to Plaintiffs' Response on May 18, 2021. [ECF No. 36]. Within the Reply, Defendants argue that to allow discovery to proceed in this case would be inappropriate considering the pending motions to dismiss would be dispositive of the claims in the Complaint. [ECF No 36 at 2].

On September 1, 2021, the parties filed a Joint Motion to Vacate Scheduling Order, [ECF No. 39], requesting that the Court enter an Order vacating the current scheduling order, schedule a status conference with the Court, and thereafter enter an Order that the parties take part in a second planning meeting, pursuant to Rule 16 and 26(f) of the Federal Rules of Civil Procedure, and submit a revised Report of Parties Planning meeting, together with such other and further relief as the Court deems necessary or appropriate.

On November 15, 2021, this Court, by the Honorable Thomas S. Kleeh, entered an Order, [ECF No. 41], granting the Joint Motion to Vacate Scheduling Order and staying all remaining deadlines pending further order of the Court.

d.  <u>Motion to Join Motion to Dismiss in Lieu of Filing a Formal Answer</u>

On May 11, 2021, Defendants DOTprocess filed a Third-Party Motion to Join Safety Concern, Sivic and Meyers' Motion to Dismiss the Third-Party Complaint in Lieu of Filing a

Formal Answer. [ECF No. 32]. Defendant DOTprocess asserts it agrees with the Safety Concerns Defendants in that "this Federal case asserts virtually identical negligence-based claims which are still pending against all named Third-Party Defendants in the underlying Wetzel County Circuit Court at case numbered 18-C-58 before Judge David W. Hummel, Jr." [ECF No. 32 at 2]. Defendant DOTprocess offers that "[a]s is argued in detail in the Memorandum at ECF No. 29, these identical negligence claims are time barred; the third-party complaint violated Federal Rules of Civil Procedure 14(a)(1) and this Court should decline to exercise jurisdiction pursuant to the Colorado River doctrine." [Id. at 4].

Third-Party Plaintiff Braddock Construction, LLC. filed a Response to DOTprocess's Motion, [ECF No. 37], on May 25, 2021, arguing that this Court should deny the Motion to Join Motion to Dismiss for the same reasons as set forth in its prior Response in Opposition to the Motion to Dismiss the Third-Party Complaint, [ECF No. 31].

### III.    LEGAL ANALYSIS

a. <u>Motion to Dismiss Complaint</u>

In their Motion to Dismiss, [ECF No. 11, 12], Defendants David Weimer, Kristen Weimer, and John Doe Corporations 1-10 argue that the Complaint should be dismissed because it fails to allege the fraud as may be required to pierce the corporate veil, because Plaintiffs' course of dealing with Braddock and other Defendants was a business-to-business context precluding the attempt to pierce the corporate veil, and because the allegations do not rise to the level of disregarding corporate formalities required for piercing the corporate veil.

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, well-pleaded allegations are taken as true, and the complaint must be viewed in the light most favorable to the plaintiffs. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008). Detailed factual allegations are not required. Twombly, 550 U.S. at 555. The factual allegations simply must be "enough to raise a right to relief above the speculative level." Id. The "sheer possibility that a defendant has acted unlawfully" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility is established when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"The law of the state in which an entity is incorporated generally governs the question whether a court may pierce an entity's veil." Sky Cable, LLC v. DIRECTV, Inc., 886 F.3d 375, 386 (4th Cir. 2018). *See also* In re Cambridge Biotech Corp., 186 F.3d 1356, 1376 n.11 (Fed.Cir.1999)("When a court considers disregarding the corporate entity, i.e., 'piercing the corporate veil,' the court applies the law of the state of incorporation.").

Generally speaking, "[t]he power to pierce the corporate veil . . . is to be exercised 'reluctantly 'and 'cautiously' and the burden of establishing a basis for the disregard of the corporate fiction rests on the party asserting such claim." DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681, 683 (4th Cir. 1976) (citations omitted).

The federal standard "for when it is proper to pierce the corporate veil is notably imprecise and fact-intensive." Bhd. of Locomotive Engineers v. Springfield Terminal Ry. Co., 210 F.3d 18, 26 (1st Cir. 2000) (citing Crane v. Green & Freedman Baking Co., 134 F.3d 17, 21 (1st Cir.1998)). At the motion to dismiss stage, a plaintiff's burden to state a facially plausible claim demonstrating the required factors for piercing the corporate veil "is a light one." Reed v. Sell, No. 1:16CV154, 2017 WL 4584191, at *12 (N.D.W. Va. Oct. 13, 2017) (Keeley, J.) (citing Tobia v. Loveland, No. 5:16CV187, 2017 WL 2113752, at *2 (N.D.W. Va. May 15, 2017) (Stamp, J.)).

Maryland law dictates that "no member shall be personally liable for the obligations of the limited liability company, whether arising in contract, tort or otherwise, solely by reason of being a member of the limited liability company." Md. Code Ann., Corps. & Ass'ns § 4A-301 (West 2016). However, a party may seek to pierce the corporate veil where "necessary to prevent fraud or enforce a paramount equity." Hildreth v. Tidewater Equip. Co., Inc., 378 Md. 724, 733, 838 A.2d 1204, 1209 (2003)). *See also* Cavey v. Mach Trucking LLC, No. CV GLR-16-1339, 2016 WL 5462791, at *4 (D. Md. Sept. 29, 2016)(citations omitted) ("A plaintiff may pierce the corporate veil of an LLC and hold a member personally liable in three circumstances: (1) when a member uses the LLC as a shield for the perpetration of fraud; (2) when a member uses the LLC to avoid legal obligations; and (3) when a member treats the LLC's property as his own."); Allen v. Dackman, 413 Md. 132, 153, 991 A.2d 1216, 1228 (2010)(An LLC member may be "liable for torts he or she personally commits, inspires, or participates in because he or she personally committed a wrong, not 'solely' because he or she is a member of the LLC."); Arkansas Nursing Home Acquisition, LLC v. CFG Cmty. Bank, 460 F. Supp. 3d 621, 647 (D. Md. 2020); and United States for use of Mgmt. & Constr. Servs., LLC v. Sayers Constr., LLC, No. CV ELH-20-1232, 2021 WL 1516056, at *10 (D. Md. Apr. 15, 2021).

Under West Virginia law,

> To pierce the veil of a limited liability company in order to impose personal liability on its member(s) or manager(s), it must be established that (1) there exists such unity of interest and ownership that the separate personalities of the business and of the individual member(s) or managers(s) no longer exist and (2) fraud, injustice, or an inequitable result would occur if the veil is not pierced. This is a fact driven analysis that must be applied on a case-by-case basis....

Syl. Pt. 7, Kubican v. The Tavern, LLC, 752 S.E.2d 299 (W. Va. 2013) (relying, in part, on the standard for piercing the corporate veil).

Here, there is no dispute among the parties that Braddock Construction, LLC is business incorporated in Maryland. *See* Complaint, ECF No. 1 at ¶ 7 ("Defendant Braddock Construction, LLC . . . is a business organized under the laws of Maryland and has its principal place of business in Frostburg, Maryland") and Motion to Dismiss, ECF No. 11 ("Braddock Construction, LLC is a Maryland limited liability company"). However, it remains unknown where the unnamed John Doe Organizations 1-10 are incorporated, and, thus, it is unknown what state law this Court should apply to such claims.[2]  The Complaint asserts that these John Doe Corporations are also based in La Vale, Maryland and are owned and managed identically to Defendant Braddock, but without conducting further discovery, it is impossible to determine whether these business organizations are incorporated in Maryland or how those organizations are actually managed. *See* ECF No. 1 at ¶ 68-70.

The undersigned is of the opinion that this Court should hold, as it has before, "that it would be premature to consider the issue of piercing the corporate veil at this point. Proving that it is proper to pierce the corporate veil requires discovery, and courts have found that it is premature to decide the issue even on a motion for summary judgment." Tobia v. Loveland, No. 5:16CV187, 2017 WL 2113752, at *3 (N.D.W. Va. May 15, 2017) (Stamp, J.).

The Complaint alleges that, "[t]he co-mingling of funds, assets, costs, and employees and the closely held nature of these John Doe Corporations, all at the direction of David and Kristen Weimer, disregarded corporate formalities to such an extent that equity demands the corporate veil be pierced." [ECF No. 1 at ¶ 71]. From the Complaint, it is facially plausible that Defendant David

---

[2] The undersigned will note that two business organizations are registered with the West Virginia Secretary of State which list Kristen Weimer as a member – Cedar Lake Development, LLC, and Braddock Construction, LLC. David Weimer is listed as a member associated with several active business organizations in the state of West Virginia including, but not limited to Cedar Lake Development, LLC, Trails End Outfitters Inc., Potomac Hardware Inc., BTA Of West Virginia, LLC, Weimer Morgantown, Inc., Weimer Hyundai of Morgantown, Inc., and Weimer Ford, Inc.

Weimer, Kristen Weimer, and John Doe Corporations 1-10 should be held liable, not based solely based upon their status as members or managers of Braddock, but rather on the grounds of paramount inequity, especially where Plaintiffs have alleged the comingling of funds and other assets, failure to adequately capitalize, closely held ownership and interplay between the members and the various business entities. Without considering the merits of the allegation, the undersigned believes that Plaintiffs have carried their burden here, and the Complaint states a claim to relief that is sufficient on its face – which is all that is required to survive a motion to dismiss under Rule 12(b)(6). Further determinations regarding the power to pierce the corporate veil are necessarily fact-intensive and, thus, require discovery by the parties.

The undersigned, therefore, respectfully **RECOMMENDS** that Motion to Dismiss, [ECF No. 11, 12], filed by Defendants David Weimer, Kristen Weimer, and John Doe Corporations 1-10 be **DENIED**.

b.  <u>Motion to Dismiss Third-Party Complaint</u>

Third-Party Defendants Safety Concern, Sivic and Meyers filed a Motion to Dismiss the Third-Party Complaint, [ECF No. 28], and Memorandum of Law in Support, [ECF No. 29], arguing that the claims brought by Braddock Construction, LLC should be dismissed because (i) the third-party complaint violated Fed. R. Civ. P. 14(a)(1), (iii) the claims are time-barred, and (iii) this Court should decline to exercise jurisdiction pursuant to the <u>Colorado River</u> doctrine.

(i)   *Joinder – Rule 14 Federal Rules of Civil Procedure*

Rule 14 of the Federal Rules of Civil Procedure provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." F.R.Civ.P. 14(a)(1).

This Court has previously found a "plain meaning" interpretation of Rule 14 to be instructive:

12

A third-party complaint filed pursuant to Rule 14(a) must be based upon a theory of derivative or secondary liability. *See, e.g.*, Laughlin v. Dell Fin. Services, L.P., 465 F.Supp.2d 563, 566 (D.S.C.2006) ("[A] third-party defendant's liability under Rule 14 must be secondary or derivative to the defendant's liability to the original plaintiff.") (citing Scott v. PPG Indus. Inc., 920 F.2d 927, 1990 WL 200655, at *3 (4th Cir.1990) (unpublished decision)); Erickson v. Erickson, 849 F.Supp. 453, 456 (S.D.W.Va.1994) ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim."); Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Associates, Inc., 117 F.R.D. 576, 578 (E.D.Va.1987) ("Typically, proper third party claims involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable."). "In other words, a third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, 'It was him, not me.' Such a claim is viable only where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part ... of anything I must pay plaintiff.' " Watergate Landmark, 117 F.R.D. at 578.

The third party practice prescribed by [Rule 14] is an important procedural reform the purpose of which is to avoid needless multiplicity of actions." Baltimore & O.R. Co. v. Saunders, 159 F.2d 481, 484 (4th Cir.1947); *see also* Noland, 301 F.2d at 50 ("[T]he primary objectives of third-party procedure is to avoid circuity and multiplicity of actions."). Thus, "[g]ranting leave to bring a third-party into an action pursuant to Rule 14(a)(1) falls within the sound discretion of the trial judge and should be liberally construed." Wright, 2008 WL 4900566 at *1 (citing Baltimore & O.R. Co., 159 F.2d at 483–84); *see also* Noland, 301 F.2d at 50 (same).

Old Republic Nat. Title Ins. Co. v. Warner, No. 1:10-CV-00071, 2011 WL 1327249, at *7 (N.D.W. Va. Apr. 6, 2011)(Kaull, J.)(citing Christian v. Bank of N.Y. Tr. Co., No. CIV.A.3:09-0770, 2010 WL 2465478, at *1 (S.D.W. Va. June 14, 2010)(Chambers, J.).

Third-Party Defendants further argue that the Third-Party Complaint violates Rule 14(a)(1) because the negligence claims in Braddock's third-party complaint are not secondary or derivative of the Antero Plaintiff's original claims against Braddock. Braddock argues that the Third-Party Complaint is compliant with Rule 14(a)(1) as Braddock seeks reimbursement for all or part of what may be potentially owed to the Antero Plaintiffs.

13

Here, the Third-Party Complaint properly complies with Rule 14, not only in its aim to enhance court efficiency by joining closely related matters, but also because Braddock is, in effect, arguing, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part ... of anything I must pay plaintiff.'" *See* Id. (quoting Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc., 117 F.R.D. 576, 578 (E.D. Va. 1987)). Braddock's Third-Party Complaint asserts that its liability to Antero, if any, may be traced in cause, in whole or part to the Third-Party Safety Concern Defendants' negligence, negligent misrepresentations, and/or professional negligence. The undersigned finds this is a tenable theory of derivative liability for the purposes of Rule 14(a).

### (ii)   Time-Barred Claims

Third-Party Defendants argue the third-party claims are time-barred because they were filed more than two years after Braddock knew or should have known of the alleged negligence. [ECF No. 29 at 9 (referencing a West Virginia Public Service Commission Driver/Vehicle Examination Report issued to Braddock on June 20, 2018)]. Braddock argues the Third-Party Complaint is not time-barred by the statute of limitations because the claims did not accrue until Antero filed their Complaint in this Court and Braddock was served with the same, the statute of limitations was tolled pursuant to W. Va. Code § 55-2-21, and the statute of limitations was tolled pursuant to the discovery rule.

### 1.   Accrual of Claims

The accrual of a cause of action for indemnity is best "linked to a time at which the indemnitee is injured, not the time at which the original plaintiff was injured." In re Fela Asbestos Litig., 638 F. Supp. 107, 113 (W.D. Va. 1986), *rev'd on other grounds sub nom.  Wingo v. Celotex Corp.*, 834 F.2d 375 (4th Cir. 1987); *see also* 41 Am Jur 2d, Indemnity § 43 (2003)("A cause of

action on a contract indemnifying against loss or damage does not arise until the indemnitee has actually incurred loss.").

In <u>Walker Mfg. Co. v. Dickerson, Inc.</u>, 619 F.2d 305, 310 (4th Cir. 1980), the U.S. Court of Appeals for the Fourth Circuit held that a claim for indemnity was timely, even if the underlying claim was time-barred, because the cause of action, an injury arising out of the failure to indemnify, was distinct and separate. The Fourth Circuit has consistently held that indemnity claims accrue, not at the time of the underlying wrong, but rather, when the indemnitee suffers loss or when the indemnitee is seeking to have the indemnitor save him from liability. *See also* <u>Lone Mountain Processing, Inc. v. Bowser Morner, Inc.</u>, 94 F. App'x 149, 158 (4th Cir. 2004<u>); Premier Corp. v. Econ. Rsch. Analysts, Inc.</u>, 578 F.2d 551, 554 (4th Cir. 1978). Other courts have applied similar reasoning regarding the accrual of indemnity claims. *See, e.g.*, <u>Burlington N. R.R. v. Hyundai Merchant Marine Co.</u>, 63 F.3d 1227, 1230 (3rd Cir.1995) (stating the general rule that an indemnity claim does not accrue until the indemnitee suffers a loss); <u>Central Wash. Refrigeration, Inc. v. Barbee</u>, 133 Wash.2d 509, 517, 946 P.2d 760, 764 (1997) (stating that "[i]ndemnity actions are distinct, separate causes of action from the underlying wrong and are governed by separate statutes of limitations" and citing supporting cases from various jurisdictions in a footnote).

Here, Braddock seeks defense and indemnification by Third-Party Defendants Safety Concern, Sivic, and Meyers for all sums Braddock may be required to pay to Antero in this federal court action. Braddock, the indemnitee in this instance, was not damaged or injured until this action was filed. Accordingly, this action did not accrue in 2018 as argued by the Third-Party Defendants; this action accrued when Antero filed its Complaint. Thus, the undersigned finds that Braddock's claims against the Third-Party Defendant, which were timely filed in this Court, are not time-barred.

### 2. Tolling Pursuant to W. Va. Code § 55-2-21

West Virginia Code §§ 55-2-21(b) and (c) provide:

> (b) Any defendant who desires to file a third-party complaint shall have one hundred eighty days from the date of service of process of the original complaint, or the time remaining on the applicable statute of limitations, whichever is longer, to bring any third-party complaint against any non-party person or entity: Provided, That any new party brought into litigation by a third-party complaint shall be afforded, from the date of service of process of the third-party complaint, an additional 180-day period, or the remaining statute of limitations period, whichever is longer, to file any third-party complaint of its own, and any applicable statute of limitation shall be tolled during this time period.

> (c) For purposes of this section, the term "third-party complaint" means a claim brought by a defendant against any person or entity that was not originally a party to the underlying civil action, where the new claim is made a part of the underlying civil action.

W. Va. Code §55-2-21(b)-(c). Our sister court, the U.S. District Court for the Southern District of West Virginia, has held that as interpreted by the Supreme Court of Appeals of West Virginia, "§ 55-2-21 does toll claims that already expired before a civil action commenced[.]" Hensel Phelps Const. Co. v. Davis & Burton Contractors, Inc., No. CIV.A. 3:11-1020, 2013 WL 623071, at *4 (S.D.W. Va. Feb. 19, 2013)(citing J.A. St. & Assocs., Inc. v. Thundering Herd Dev., LLC, 724 S.E.2d 299 (W.Va. 2011)). In essence, even where the statute of limitations expires on an underlying civil action, the statute of limitation for third-party complaints is tolled for one hundred and eighty days or the remainder of the applicable statute of limitation, whichever is longer, in order to afford a defendant time to file a new claim against an indemnitor or party not original to the underlying civil action.

Here, Braddock was served on September 10, 2020, [ECF No. 6], and Braddock filed its Third-Party Complaint, [ECF No. 16], against Safety Concern, Inc., James L. Meyers, Jr, Timothy Sivic, DOTprocess, LLC, on December 18, 2020, one hundred (100) days later. Accordingly, the

undersigned finds that, pursuant to West Virginia Code §§ 55-2-21(b) and (c), this Third-Party Complaint was timely filed and was not time-barred.

### 3. Tolling Pursuant to the Discovery Rule

"In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syl. Pt. 4, Gaither v. City Hosp., Inc., 199 W. Va. 706, 487 S.E.2d 901 (1997).

Following the same reasoning as above regarding when the third-party negligence and indemnity claims accrued, Braddock's injuries only occurred or were "discovered" after this action was initiated by Antero. Accordingly, the undersigned finds that Braddock's claims found within the Third-Party Complaint are not time-barred.

### (iii) Abstention under the Colorado River doctrine

Third-Party Defendants argue this Court should dismiss this third-party action, pursuant to the Colorado River doctrine because an identical third-party complaint is pending in parallel state proceeding in the Circuit Court of Wetzel County, West Virginia, Civil Action No. 18-C-58. Braddock argues that the Colorado River doctrine is not applicable as the federal and state actions are not parallel proceedings and the doctrinal factors weigh against abstention.

As a general matter, "federal courts are obliged to decide cases within the scope of federal jurisdiction." Sprint Commc'n, Inc. v. Jacobs, 571 U.S. 69, 71 (2013). A federal court should not abstain "simply because a pending state-court proceeding involves the same subject matter." Id. However, federal courts may decline to exercise their jurisdiction in "exceptional circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). "Specifically, federal courts have the

17

power to refrain from hearing: (1) cases that would interfere with pending state criminal proceedings or certain types of state civil proceedings; (2) cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law; (3) cases raising issues intimately involved with the states' sovereign prerogative; (4) cases whose resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes; and (5) cases which are duplicative of a pending state proceeding." Launi v. Hampshire Cty. Prosecuting Attorney's Off., No. 3:19-CV-65, 2020 WL 1908005, at *2 (N.D.W. Va. Apr. 17, 2020)(Groh, J.) (citing Quackenbush, 517 U.S. at 716-17).

Under the Colorado River abstention doctrine, federal courts may refrain from hearing claims "in favor of ongoing, parallel proceedings in cases where 'consideration of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." Ackerman v. ExxonMobil Corp., 734 F.3d 237, 248 (4th Cir. 2013) (quoting Colorado River, 424 U.S. at 817). The Court weighs six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983), in determining whether Colorado River abstention is proper:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceedings to protect the parties' rights.

Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463-64 (4th Cir. 2005) (citations omitted). Courts should apply the Colorado River doctrine only in exceptional circumstances. *See Id.* at 463. However, before considering the Colorado River factors, courts must first determine

18

whether there are actively pending and parallel federal and state cases. Id. ("The threshold question ... is whether there are parallel federal and state suits.") State and federal actions are considered parallel when "substantially the same parties litigate substantially the same issues in different forums," Id. at 464 (internal quotations and citations omitted), and "there is a substantial likelihood that the [state litigation] will dispose of all claims presented in the federal case," AAR Int'l, Inc. v. Nimelias Enters. S.A., 250 F.3d 510, 518 (7th Cir. 2001) (internal quotations and citations omitted). "Exact parallelism is not required. It is enough if the two concurrent civil actions in state court and federal court are substantially similar." Siler v. Webber, No. 3:05 CV 0341, 2009 WL 10680025, at *9 (E.D. Tenn. Jan. 27, 2009) (citing Bates v. Van Buren Twp., 122 F. App'x 803, 806 (6th Cir. 2004)).

If the court determines that the federal and state cases are not parallel, then the Colorado River doctrine is inapplicable. Interstate Material Corp. v. Chicago, 847 F.2d 1285, 1287 (7th Cir. 1988); see also Am. Family Life Assurance Co. of Columbus v. Biles, 714 F.3d 887, 892 (5th Cir. 2013); Al-Abood v. El-Shamari, 217 F.3d 225, 232 (4th Cir. 2000); Crawley v. Hamilton Cty. Comm'rs, 744 F.2d 28, 31 (6th Cir. 1984); Shields v. Murdoch, 891 F. Supp. 2d 567, 578 (S.D.N.Y. 2012); Hayes v. City of Columbus, No. 2:10 CV 0513, 2011 WL 2174973, at *4 (S.D. Ohio June 3, 2011). "The decision of whether to defer proceedings because of parallel state litigation is generally committed to the discretion of the district court." Kruse v. Snowshoe Co., 715 F.2d 120, 122 (4th Cir. 1983).

The undersigned is inclined to agree with Braddock – the Colorado River doctrine is inapplicable because the pending federal and state cases are not parallel, and, thus, the Court should not abstain from exercising jurisdiction in this matter. The focus of the state action is determining liability related to the negligence, wrongdoing, and motor vehicle accident which caused the

untimely deaths of Michael R. Moore and Braylie M. Moore. The federal action varies in that its focus is the contractual obligations among the parties to defend, indemnify, and pay the settlement monies owed. Moreover, the parties vary in the state and federal litigation. The state litigation involves estate administrator Heather Moore and employee / driver Dexter Skidmore who are not parties to this federal action. This federal action involves David Weimer, Kristen Weimer and John Doe Corporations 1-10 who are not parties to the state litigation. Because this case is properly within the jurisdiction of this Court and the state case is not parallel –  it will not determine the questions presented in the instant federal action – the undersigned finds that this Court should not dismiss the Third-Party Complaint under the Colorado River doctrine.

Ultimately, the undersigned **RECOMENDS** that the Third-Party Defendants' Motion to Dismiss, [ECF No. 28], should be **DENIED** because the Third-Party Complaint is permissible under Rule 14, the claims therein are not time-barred, and the Colorado River doctrine does not apply.

   c.   Motion to Join Third-Party Defendants' Motion to Dismiss in Lieu of a Formal Answer

Third-Party Defendant DOTprocess filed its Third-Party Motion to Join Third-Party Defendants' Motion to Dismiss the Third-Party Complaint in Lieu of Filing a Formal Answer, [ECF No. 32], on May 11, 2021. Therein, Defendant DOTprocess moves to join Third-Party Defendants Safety Concern, Sivic, and Meyers in their Motion to Dismiss, [ECF No. 28 and 29], asking that this Court incorporate and consider the arguments in therein on Defendant DOTprocess's behalf. Third-Party Defendant DOTprocess argues again, by incorporation, that the claims are time barred, the Third-Party Complaint violates Rule 14, and this Court should decline to exercise jurisdiction pursuant to the Colorado River doctrine. Third-Party Plaintiff Braddock responded in opposition to the substance of Defendant DOTprocessagents.com's motion as it

advanced arguments for dismissal, but Braddock did not object to Defendant DOTprocess's procedural motion to join the Motion to Dismiss in lieu of filing a formal answer.

Upon consideration of the same, the undersigned **RECOMMENDS** that Third-Party Defendant DOTprocess's Motion [ECF No. 32], be **GRANTED, in part,** to the extent DOTprocessagents.com may **JOIN** the Third-Party Defendants' Motion to Dismiss [ECF No. 28 and 29]. However, for the above-mentioned reasons, *supra* III.b., the undersigned **RECOMMENDS** Third-Party Defendant's DOTprocess's Motion [ECF No. 32], be **DENIED, in part,** for the same reasons that the undersigned recommends Third-Party Defendants' Motion to Dismiss be denied.

### d. Motion for Protective Order and Stay Discovery

Upon consideration, the undersigned finds that this Court's most recent Order, [ECF No. 41], entered on November 15, 2021, which granted the parties' Joint Motion to Vacate Scheduling Order, [ECF No. 39], and stayed all deadlines pending further order of this Court, effectively serves to also stay all discovery pending the determination of the pending dispositive motions as requested by the Defendants in their prior Motion for Protective Order and Stay of Discovery, [ECF No. 30].

Accordingly, the undersigned **RECOMMENDS** that the Motion for Protective Order and Stay of Discovery be **DENIED AS MOOT** pursuant to this Court's Order, [ECF No. 41], which vacated the Scheduling Order and stayed all deadlines, including discovery deadlines, pending further order of the Court. In accordance with the undersigned's other findings recommending that this Court retain jurisdiction and deny the various Motions to Dismiss, the undersigned now further **RECOMMENDS** that the Court enter an Order that the parties take part in a second planning meeting, pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and submit a

revised Report of the Parties Planning Meeting so this Court may enter an Amended Scheduling Order for this matter going forward.

## IV.    CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS** that:

- Defendants' Motion to Dismiss, [ECF No. 11], filed by David Weimer, Kristen Weimer, and John Doe Corporations 1-10, be **DENIED;**

- Third-Party Defendants' Motion to Dismiss, [ECF No. 28], filed by Safety Concern, Inc., Timothy Sivic and James L. Meyers, Jr., be **DENIED**;

- Third-Party Motion to Join Third-Party Defendants' Motion to Dismiss the Third-Party Complaint in Lieu of Filing a Formal Answer, [ECF No. 32], filed by Defendant DOTprocessagents.com, LLC, be **GRANTED, IN PART,** to the extent Defendant may join the Third-Party Defendants' Motion to Dismiss and **DENIED, IN PART**, to the extent that the Third-Party Defendants' Motion to Dismiss is likewise recommended to be denied; and

- Defendants' Motion for Protective Order and to Stay Discovery, [ECF No. 30], filed by David Weimer, Kristen Weimer, and John Doe Corporations 1-10, be **DENIED AS MOOT**.

Any party shall have **fourteen days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty**

**(20) handwritten pages**, **including exhibits**, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel of record and to any *pro se* parties by certified mail, return receipt requested.

Respectfully submitted on March 18, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE