```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ANTERO RESOURCES CORPORATION and**
**ANTERO MIDSTREAM LLC,**

    **Plaintiffs,**

  **v.**                                                  **CIVIL NO. 1:20-CV-147**
                                                                          (KLEEH)

**BRADDOCK CONSTRUCTION, LLC,**
**DAVID WEIMER, KRISTEN WEIMER, and**
**JOHN DOE CORPORATIONS 1–10,**

    **Defendants,**

  **and**

**BRADDOCK CONSTRUCTION, LLC,**

    **Third-Party Plaintiff,**

  **v.**

**SAFETY CONCERN, INC., MR. JAMES**
**L. MEYERS, JR., PRESIDENT TIMOTHY**
**SIVIC, and DOTPROCESSAGENTS.COM, LLC,**

    **Third-Party Defendants.**

**<u>MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]</u>**

Pending before the Court is an Omnibus Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi. For the reasons discussed herein, the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R, to the extent consistent with this Memorandum Opinion and Order.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

## I.     BACKGROUND AND PROCEDURAL HISTORY

This action was brought by Plaintiffs Antero Resources Corporation and Antero Midstream LLC (together, the "Antero Plaintiffs") against Defendants Braddock Construction, LLC ("Braddock"), David Weimer, Kristen Weimer, and John Doe Corporations 1-10. Defendants David Weimer, Kristen Weimer, and John Doe Corporations 1-10 filed a motion to dismiss [ECF No. 11]. Braddock then filed a third-party complaint against Safety Concern, Inc. ("Safety Concern"), Timothy Sivic ("Sivic"), James Meyers ("Meyers"), and DOTProcessAgents.com, LLC ("DOTProcessAgents") (together, the "Third-Party Defendants") [ECF No. 16]. Safety Concern, Sivic, and Meyers moved to dismiss it [ECF No. 28], and DOTProcessAgents moved to join in the motion [ECF No. 32]. David Weimer, Kristen Weimer, and John Doe Corporations 1-10 filed a motion to stay discovery pending the Court's ruling on their motion to dismiss [ECF No. 30]. All pending motions are fully briefed and ripe for review.

Upon the Court's referral of the pending motions, United States Magistrate Judge Michael J. Aloi entered an R&R [ECF No. 43] recommending that the Court deny both motions to dismiss; grant in part and deny in part the motion for joinder; and deny the motion to stay as moot. The Third-Party Defendants filed objections to the R&R on March 31, 2022 [ECF No. 45]. Braddock,

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

David Weimer, Kristen Weimer, and John Doe Corporations 1-10 filed objections to the R&R on April 1, 2022 [ECF No. 46]. The Court has conducted a de novo review of the R&R.

### II.   ALLEGATIONS IN THE UNDERLYING LAWSUIT, THE COMPLAINT, AND THE THIRD-PARTY COMPLAINT

**Underlying Litigation**

On August 13, 2018, Heather Moore, the Administrator of the Estates of Michael and Braylie Moore, filed a lawsuit against Braddock, Dexter Skidmore ("Skidmore), and Antero Resources Corporation in the Circuit Court of Wetzel County, West Virginia (the "Underlying Litigation"). See ECF No. 16-1. Heather Moore alleged that on June 19, 2018, Skidmore, within the scope of his employment, was operating a commercial water truck owned by Braddock and hired by Antero Resources Corporation, going eastbound on Route 50 near Clarksburg, West Virginia. Id. ¶ 6. She alleged that Skidmore negligently and recklessly crashed into a vehicle that was stopped for a red light. Id. The vehicle's occupants, Michael Moore and Braylie Moore, were killed as a result of the crash. Id.

Heather Moore asserted that Braddock had failed to obtain proper motor carrier authority before operating its water trucks in interstate commerce. Id. ¶ 27. She asserted that Braddock failed to comply with state and federal laws, including, but not

Case 1:20-cv-00147-TSK-MJA   Document 52   Filed 03/08/23   Page 4 of 15   PageID #: 845

ANTERO V. BRADDOCK                                              1:20-CV-147

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

limited to, the Federal Motor Carrier Safety Regulations ("FMCSR"). Id. ¶ 52. She also asserted that Antero Resources Corporation negligently and recklessly hired Braddock to haul water, putting the public at risk. Id. ¶ 28. Based upon these facts, the Underlying Complaint asserts the following causes of action:

- Count One: Negligence/Recklessness/Wrongful Death (against Skidmore);

- Count Two: Vicarious Liability (against Braddock);

- Count Three: Negligence/Recklessness/Wrongful Death (against Braddock);

- Count Four: Negligent and Reckless Retention (against Antero Resources Corporation); and

- Count Five: Punitive Damages (against all Defendants).

On May 10, 2019, Heather Moore filed an Amended Complaint in the Underlying Litigation, raising an additional allegation of vicarious liability against Antero Resources Corporation for the actions of Braddock and adding Antero Midstream LLC as a defendant, alleging the same claims against both Antero entities. See Compl., ECF No. 1, at ¶ 30.

**Federal Complaint**

The Antero Plaintiffs filed a Complaint in this action on

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

July 31, 2020.[1]  They allege that from approximately June through September 2017, the Antero Plaintiffs and Braddock negotiated for Braddock to become a contractor, primarily to haul produced water from oil and gas well operations in West Virginia and Ohio.  Id. ¶ 15.  Braddock entered into a Master Services Agreement ("MSA") with Antero Midstream LLC, with an effective date of September 1, 2017.  Id. ¶ 16.  The MSA includes provisions that require Braddock to release, protect, defend, indemnify, and hold harmless the Antero Plaintiffs in certain circumstances.  Id. ¶ 18.  From approximately October 2017 through July 2018, Braddock hauled produced water for the Antero Plaintiffs in West Virginia on almost a daily basis, under the MSA.  Id. ¶ 23.  The Antero Plaintiffs assert that Braddock has a duty to indemnify and defend them with respect to the Underlying Litigation.  Id. ¶ 31.

On September 12, 2018, Antero Resources Corporation informed Braddock of Braddock's obligations to defend and indemnify Antero. Id.  Although Braddock's insurance carrier tendered a defense of Underlying Litigation to the Antero Plaintiffs, Braddock never responded to the letter.  Id.  After multiple additional requests to defend and indemnify, on December 30, 2019, Braddock responded,

---

[1] For purposes of analyzing the motion to dismiss by David Weimer, Kristen Weimer, and John Doe Corporations 1-10, the Court assumes that the facts asserted in the Complaint are true.

Case 1:20-cv-00147-TSK-MJA   Document 52   Filed 03/08/23   Page 6 of 15   PageID #: 847

ANTERO V. BRADDOCK                                                1:20-CV-147

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

writing, in part, "Braddock has denied the right of indemnification based upon the allegations of the litigation." Id. ¶ 37.

As Braddock had refused to meet its contractual obligations to indemnify the Antero Plaintiffs, they executed a settlement with Heather Moore to resolve the Underlying Litigation against them. Id. ¶ 39. The Antero Plaintiffs now argue that the settlement constitutes damages and Antero has also suffered increased insurance premiums. Id. Based upon these facts, the Antero Plaintiffs assert the following causes of action against Braddock, and to the extent that Braddock continues to refuse to indemnify or reimburse Plaintiff, against the other Defendants:

- Count One: Express Indemnity;

- Count Two: Breach of Contract;

- Count Three: Declaratory Judgment; and

- Count Four: Additional Theory of Recovery: Piercing the Corporate Veil/Alter Ego.

Kristen Weimer is a member of Braddock, and David Weimer is its project manner and Vice Managing Member. Id. ¶¶ 65, 66. David and/or Kristen Weimer own other entities, which are referred to herein as John Doe Corporations 1-10. Id. ¶ 68. The Antero Plaintiffs assert that the (1) comingling of funds, assets, costs, and employees and (2) the closely held nature of John Doe Corporations 1-10, all at the direction of David and Kristen

Case 1:20-cv-00147-TSK-MJA   Document 52   Filed 03/08/23   Page 7 of 15   PageID #: 848

ANTERO V. BRADDOCK                                                1:20-CV-147

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

Weimer, have disregarded corporate formalities such that equity demands that the corporate veil be pierced. Id. ¶ 71.

### Federal Third-Party Complaint

On December 18, 2020, in this case, Braddock filed a third-party complaint against Safety Concern, Sivic, Meyers, and DOTProcessAgents.[2] Braddock had hired Safety Concern, Sivic, and Meyers to ensure that Braddock was in compliance with all applicable rules and regulations, including, but not limited to, the FMCSR. Third-Party Compl., ECF No. 16, at ¶ 30. Safety Concern, Sivic, and Meyers represented to Braddock that they had taken steps to file all needed documents for Braddock's commercial vehicle operations, including filing all federal forms, BOC-3 forms, and obtaining all necessary numbers and governmental permissions to operate on the roadways. Id. ¶ 34. Safety Concern, Sivic, and/or Meyers contracted with DOTProcessAgents when working to ensure that Braddock was in compliance with FMCSR. Id. ¶ 41. DOTProcessAgents represented that it could obtain Motor Carrier Authority and FMCSA-approved BOC-3 filings for motor carriers such as Braddock, and that it would electronically file the BOC-3 on behalf of Braddock. Id. ¶ 40. In short, Braddock asserts that it relied on the representations of the Third-Party Defendants, and

---

[2] For purposes of analyzing the motion to dismiss the third-party complaint, the Court assumes that the facts asserted in the third-party complaint are true.

Case 1:20-cv-00147-TSK-MJA   Document 52   Filed 03/08/23   Page 8 of 15   PageID #: 849

**ANTERO V. BRADDOCK**                                                1:20-CV-147

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

they failed in their duties.

Braddock argues that if the Antero Plaintiffs' allegations against Braddock in this case are proven, then the Third-Party Defendants are liable to Braddock for any misrepresentations made concerning any failure to comply with applicable federal statute, regulation, and/or for any lack of authority. Id. ¶ 44. During the time period relevant to the Complaint, Braddock believed that it was in compliance with all applicable rules and regulations, including FMCSR. Id. ¶ 45. Braddock asserts the following claims against all Third-Party Defendants:

- Count One: Negligence;
- Count Two: Negligent Misrepresentation; and
- Count Three: Professional Negligence.

### III. STANDARD OF REVIEW

Pending before the Court are two motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted[.]" In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations omitted). A court is "not bound to

Case 1:20-cv-00147-TSK-MJA   Document 52   Filed 03/08/23   Page 9 of 15   PageID #: 850

ANTERO V. BRADDOCK                                                1:20-CV-147

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of his claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

### IV. MOTION TO DISMISS BY DAVID WEIMER, KRISTEN WEIMER, AND JOHN DOE CORPORATIONS 1-10

David Weimer, Kristen Weimer, and John Doe Corporations 1-10 (the "Veil-Piercing Defendants") have moved to dismiss the Complaint against them, arguing that the Antero Plaintiffs have failed to state a claim in Count Four (the attempt to pierce the corporate veil). Because Braddock is a Maryland limited liability

Case 1:20-cv-00147-TSK-MJA   Document 52   Filed 03/08/23   Page 10 of 15  PageID #: 851

**ANTERO V. BRADDOCK**                                                    1:20-CV-147

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

company, the Veil-Piercing Defendants argue that Maryland law should apply to the veil-piercing analysis. Under Maryland law, or even if the Court decides to apply West Virginia law, the Veil-Piercing Defendants argue that the Antero Plaintiffs have failed to state a claim upon which relief can be granted.

In Response, the Antero Plaintiffs argue that discovery is necessary to determine to what extent Maryland law may apply. The Veil-Piercing Defendants do not deny the allegations that some of John Doe Corporations 1-10 may be based in West Virginia. The Antero Plaintiffs also argue that they have pled sufficient facts to pierce the veil under either Maryland or West Virginia law.

The Supreme Court of Appeals of West Virginia has not answered the question of which state's law should apply when a plaintiff attempts to pierce the corporate veil of an entity organized under the laws of another state. However, the United States District Court for the Southern District of West Virginia has noted that under section 31B-10-1001(a) of the West Virginia Code, "[t]he laws of the state or other jurisdiction under which a foreign limited liability company is organized govern its organization and internal affairs and the liability of its managers, members and their transferees." Jones v. Heil Process Equip. Corp., No. 3:13-22811, 2016 WL 3566243, at *5 (S.D.W. Va. June 27, 2016). The court, relying on this statute, various sections of the Restatement

Case 1:20-cv-00147-TSK-MJA   Document 52   Filed 03/08/23   Page 11 of 15   PageID #: 852

**ANTERO V. BRADDOCK**                                                                 **1:20-CV-147**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

Second, and the "internal affairs doctrine,"[3] found that the law of the business entity's formation governs the issue of piercing the corporate veil.

Here, Braddock is a limited liability company organized under the laws of Maryland. As such, the law of Maryland governs the Antero Plaintiffs' attempt to pierce Braddock's corporate veil. However, the Antero Plaintiffs have alleged that equity may demand "potentially multiple piercings to other individuals or entities perpetuating the disregarding of corporate formalities." Compl., ECF No. 1, at ¶ 71. As the Antero Plaintiffs correctly point out, at this stage, it is unclear where John Doe Corporations 1–10 are organized. Therefore, it is unclear which state's law would provide their veil-piercing analysis. In the Complaint, the Antero Plaintiffs allege,

> Defendants John Doe Corporations 1-10 are all entities with an ownership interests held by David Weimer, Kristen Weimer, or their family members, and all of which are either incorporated in Maryland or West Virginia, have a principal place of business in Maryland or West Virginia, or, if a partnership, have "citizenship" for the purposes of diversity of their owners, who are citizens of Maryland or West Virginia. They are sometimes referred to herein as the "John Doe Corporations."

---

[3] "The internal affairs doctrine is 'a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs — matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders — because otherwise a corporation could be faced with conflicting demands." Jones, 2016 WL 3566243, at *4 n.2 (citation omitted).

Case 1:20-cv-00147-TSK-MJA Document 52 Filed 03/08/23 Page 12 of 15 PageID #: 853

ANTERO V. BRADDOCK                                                1:20-CV-147

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

Id. ¶ 11. Defendants did not deny this in their Answer. Without knowing which law applies to each of the entities, it would be premature to decide whether Count Four is sufficiently pled. For these reasons, the Veil-Piercing Defendants' motion to dismiss is **DENIED** [ECF No. 11].

### V. MOTION TO DISMISS THIRD-PARTY COMPLAINT

Safety Concern, Sivic, and Meyers (together, the "Safety Concern Defendants")[4] have moved to dismiss the third-party complaint against them. The Safety Concern Defendants argue that (1) the negligence claims set forth in the third-party complaint are time-barred, (2) the third-party complaint violates Rule 14(a)(1) of the Federal Rules of Civil Procedure, and (3) the Court should decline to exercise jurisdiction pursuant to the Colorado River doctrine. DOTProcessAgents has moved to join in the motion, which is **GRANTED** [ECF No. 32].

Rule 14(a)(1) of the Federal Rules of Civil Procedure states, "A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "A third-party complaint filed pursuant to Rule 14(a) must be based upon a theory of derivative

---

[4] Sivic was the President of Safety Concern, Inc., and Meyers was employed by the Company. See Third-Party Complaint, ECF No. 16, at ¶¶ 25, 26.

Case 1:20-cv-00147-TSK-MJA   Document 52   Filed 03/08/23   Page 13 of 15   PageID #: 854

ANTERO V. BRADDOCK                                            1:20-CV-147

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

or secondary liability." Christian v. Bank of N.Y. Trust Co., No. 3:09-0770, 2010 WL 2465478, at *2 (S.D.W. Va. June 14, 2010). "It follows that a 'third-party complaint is not appropriate where a defendant merely attempts to deflect blame onto another party.'" Branch Banking & Tr. Co. v. Meridian Holding Co., LLC, Civ. No. 3:18-0486, 2019 WL 5957204, at *2 (S.D.W. Va. 2019) (citation omitted). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." Erickson v. Erickson, 849 F. Supp. 453, 456 (S.D.W. Va. 1994).

Here, in the Complaint, the Antero Plaintiffs assert that Braddock failed to fulfill its contractual obligations under the MSA to defend and indemnify them in the Underlying Litigation. Braddock's Third-Party Complaint asserts negligence claims against the Third-Party Defendants, taking issue with their safety-related services (or lack thereof). The alleged wrongdoing by the Third-Party Defendants is entirely independent of Braddock's obligations under the MSA. These claims against the Third-Party Defendants are not secondary to or derivative of the claims that the Antero Plaintiffs have brought against Braddock in this action. Put simply, and tracking the language of the Rule, there is no way that the Third-Party Defendants could be found liable to Braddock for the claims brought against Braddock by the Antero

Case 1:20-cv-00147-TSK-MJA   Document 52   Filed 03/08/23   Page 14 of 15   PageID #: 855

**ANTERO V. BRADDOCK**                                                    **1:20-CV-147**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

Plaintiffs — because the Third-Party Defendants had no duties under the MSA.[5] For these reasons, the Safety Concern Defendants' motion to dismiss, which has been joined by DOTProcessAgents, is **GRANTED** [ECF No. 28]. The third-party complaint is **DISMISSED WITH PREJUDICE.**

### VI. MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY

The Veil-Piercing Defendants have moved the court to stay discovery until it has ruled on their motion to dismiss. The scheduling order in this case has already been vacated. Thus, this motion is **DENIED AS MOOT** [ECF No. 30].

### VII. CONCLUSION

For the reasons discussed above, the Court hereby **ORDERS** as follows:

- The R&R is **ADOPTED IN PART** and **REJECTED IN PART**, to the extent consistent with this Memorandum Opinion and Order [ECF No. 43];

- The Veil-Piercing Defendants' motion to dismiss [ECF No. 11] is **DENIED;**

- The Safety Concern Defendants' motion to dismiss, which has been joined by DOTProcessAgents, is **GRANTED** [ECF No. 28];

---

[5] It appears to the Court that Braddock filed a similar third-party complaint against Safety Concern, Civic, Meyers, and DOTProcessAgents in the Underlying Litigation. Such a claim would make sense, considering the claims against Braddock in the Underlying Litigation were negligence-based. Thus, Braddock was arguing that the Third-Party Defendants were the ones actually liable for said negligence. Here, the situation is different because the federal Complaint is not negligence-based. Braddock cannot link the Third-Party Defendants to Braddock's duties under the MSA.

14

Case 1:20-cv-00147-TSK-MJA Document 52 Filed 03/08/23 Page 15 of 15 PageID #: 856

ANTERO V. BRADDOCK                                                1:20-CV-147

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE OMNIBUS REPORT AND RECOMMENDATION [ECF NO. 43]**

- The Third-Party Complaint is **DISMISSED WITH PREJUDICE** [ECF No. 16];

- The Clerk is **DIRECTED** to enter a separate judgment order reflecting the Court's ruling as to the Third-Party Complaint;

- The motion for a protective order and stay is **DENIED AS MOOT** [ECF No. 30];

- The motion for joinder is **GRANTED** [ECF No. 32]; and

- The parties are **ORDERED** to file, on or before **March 22, 2023,** a joint proposed schedule for the case moving forward or an advisement as to why a joint proposed schedule could not be submitted.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 8, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA